IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONICA GARCIA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. _____ |
| | § | |
| NOBE-NASH, INC. and VANCE | § | JURY TRIAL DEMANDED |
| NOBE and ROBIN CAVINDER-NASH, | § | |
| INDIVIDUALLY | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to Section 207 of the Fair Labor Standards Act of 1938 (FLSA), Plaintiff Monica Garcia files this Original Complaint against Defendants Nobe-Nash, Inc. and Vance Nobe and Robin Cavinder-Nash, Individually (collectively "Defendants") and shows as follows:

**A.     Parties**

1. The named plaintiff is Monica Garcia. She is a resident of Plano, Texas.

2. The Defendants are Nobe-Nash, Inc., and Vance Nobe and Robin Cavinder-Nash. Defendant Nobe-Nash, Inc., an organization formed in Delaware with its principal place of business in the state of Texas. It does business in the state of Texas and maintains one or more offices in the state of Texas, including Harris County, Texas. Service of process may be made on Defendant Nobe-Nash, Inc. by serving its registered agent for service of process, Vance Nobe, 727 North Shepherd, Houston, Texas 77007. Vance Nobe is the company's president. Service of process may be made on Defendant Vance Nobe by personal service at 727 North Shepherd, Houston, Texas 77007. Robin Cavinder-Nash is the company's Chief Executive Officer. Service of process may

be made on Defendant, Robin Cavinder-Nash, at 727 North Shepherd, Houston, Texas 77007.

**B.     Jurisdiction**

3.     This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The plaintiff's claims arise under § 207 of the FLSA. This case presents a federal question.

**C.     Venue**

4.     Pursuant to 28 U.S.C. § 1391(b)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

**D.     Facts**

5.     Plaintiff Monica Garcia ("the Plaintiff") was employed by the Defendants from January 20, 2014 to September 19, 2014, as an in-house business development and sales representative. At all times while working for Defendants, Plaintiff was under the direction and control of Defendants' supervisors. The Defendants are in the restoration and construction business. The Defendant Nobe-Nash, Inc. is engaged in commerce and/or engaged in the production of goods for commerce, as are the individual Defendants. The Defendants' annual, gross sales volume exceeds $500,000.

6.     The Plaintiff's job duties and responsibilities included marketing and selling Defendants' services throughout Texas and the country. The Plaintiff was employed by the Defendants at their main office in Houston, Texas.

7.     The Plaintiff worked a total of 419 overtime hours during her employment with the Defendants. She was paid $25.00 per hour by the Defendants, paid twice monthly. However, the Plaintiff was never paid overtime. The Plaintiff was never paid time and a half for hours worked in

excess of 40 in any one work week, which would have been at least $37.50 per hour.

**E.  Cause of Action**

### Count 1-Violation of the Fair Labor Standards Act (FLSA)

8.  The Plaintiff incorporates within Count 1 all of the factual allegations set forth in paragraphs 1-7, supra.

9.  The Defendants violated Section 207 of the FLSA by employing the Plaintiff in any work week, where she was engaged in and/or employed in an enterprise engaged in commerce or in the production of goods for commerce for a workweek in excess of forty hours, and by not compensating her for work hours in excess of forty hours at a rate not less than one and one-half times the regular rate at which she was employed.  *See* 29 U.S.C. § 207(a)(1).  The Defendants knowingly and willfully carried out their illegal pattern or practice of failing to pay the Plaintiff all of her wages and overtime compensation for hours worked per week in excess of 40. The decision made by the Defendants to not pay the Plaintiff was neither reasonable nor in good faith. Accordingly, the Plaintiff is entitled to her unpaid wages and overtime compensation under the FLSA, as well as liquidated damages in an amount equal to her unpaid wages, as provided by law, and for which she seeks from the Defendants by this suit and from this Court.

10.  Pursuant to the FLSA, the Plaintiff also seeks recovery of her reasonable and necessary costs and attorneys' fees incurred in this matter for trial and appeal, if necessary, of this suit.

**F.  Damages**

11.  Plaintiff realleges and reasserts paragraphs 1 through 10.

12.  As a direct and proximate result of Defendants' conduct, Plaintiff suffered the

following injuries and damages:

    a.    Plaintiff suffered mental anguish and emotional distress.

    b.    Plaintiff seeks damages such as legal and equitable relief as may be appropriate to effectuate the purposes of § 215(a)(3), all of the overtime at the rate of time and one-half that was not paid to her; liquidated damages; exemplary damages, plus costs, attorneys' fees, pre-judgment and post-judgment interest, and such other relief to which she is justly entitled.

### G.  Jury Demand

13.    Plaintiff demands a trial by jury pursuant to Fed. R. Civ. Proc. 38.

### H.  Attorney's Fees

14.    Plaintiff is entitled to all reasonable and necessary attorneys' fees and reasonable expert witness fees and costs, in addition to her expenses.

## PRAYER

15.    For these reasons, Plaintiff Monica Garcia respectfully requests that Defendants Nobe-Nash, Inc. and Vance Nobe and Robin Cavinder-Nash be cited to appear and answer herein and that, following final hearing, she be awarded all of her unpaid back wages for unpaid overtime, liquidated damages, damages for mental anguish, exemplary damages, and all other elements of damages provided by law, costs, attorneys' fees, pre-judgment interest and post-judgment interest, and for such other relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP.

/s/ Robert J. Filteau

---

Robert J. Filteau
State Bar No. 06997300
Fed. I.D. No. 3540
rfilteau@fso-lawprac.com
John A. Sullivan III
State Bar No. 19483500
Fed. I.D. No. 1398
jsullivan@fso-lawprac.com
9894 Bissonnet, Suite 865
Houston, Texas  77036
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

**ATTORNEY FOR PLAINTIFF,
MONICA GARCIA**